Reade, J.
 

 Our apprentice law makes it the duty of the County Court, in binding out apprentices, to enter into indentures with the master “ in the name of the Chairman of the County Court of the one part, and of the master of the other part.” Rev. Code, c. 5, s. 4.
 

 The statute prescribes the rights and the duties of the master and of the apprentice, and the powers and duties of the court. It makes it the duty of the master to provide for the apprentice “ diet, clothes, lodging and accommodation, fit and necessary,” and also for his education. And it makes it the duty of the apprentice to serve his master. Besides, it makes it the duty of the court to exercise general superintending powers over both master and apprentice, in all matters pertaining to that particular relation. It is proper that the indentures should, substantially, embrace all these duties and obligations. We suppose the indentures in this case do embrace them, as it is stated that the apprentice was regularly bound.
 

 Thus it will be seen that the contract of binding, the indentures, is not between the master and the apprentice, but between the master and the court. And if, at any time during the apprenticeship, the master neglect his duty to the
 
 *182
 
 apprentice, the court has the power to require the master and the apprentice to appear before the court, and to remove the apprentice and bind him to another. And so, if the apprentice misbehaves, the court may interfere at the instance of the master. It cannot be doubted that just as the obligations of master and apprentice are mutual, and as the court has the supervision of the relations between them, so it is within the power, and it is the duty, of the court to interfere at the instance of either against the other, whenever a proper case is presented. The master contracts with the court, in the indentures, that he will perform his duties as master, and the court will at all times see that he does so. And, in consideration thereof, the court contracts with the master that the apprentice shall serve him faithfully. And while the court compels the master to a strict compliance with his part of the contract, it would be bad faith if the court should fail to .comply with its part of the contract: i. e., that the apprentice should serve the master. The power of the court over orphans does not cease when they are bound out. It is a continuing power, and the indentures with the master are continuing obligations. While the ordinary relations of master and apprentice exist, the court ought not to interfere. It is then a domestic relation, subject to ordinary domestic regulations; but when the relation is wantonly broken, or grossly abused, it becomes the duty of the court to interfere.
 

 In this case the apprentice had wantonly left the master’s service, and was living in “an idle and disreputable manner.”
 

 If he had never been bound out before it would have been the duty of the court to have him then bound out and delivered to a master. As he had been already bound and had left service, in disobedience to the order of the court and in violation of its undertaking in his behalf, it could not be
 
 *183
 
 less the duty of the court to have him brought and delivei'ed to the master anew.
 

 It is true that the master had the power to seize the apprentice, wherever he might find him, and compel his service.
 

 And when he applied to the court for its aid, the court might, in the exercise of a sound discretion, have left the master to the exercise of his own powers. And if the County Court had put its refusal to interfere upon that ground, i. e., the want of a proper case for interference, this court would not have reviewed the exercise of a discretionary power. But both the County and the Superior Courts put the case upon the want of power in the County Court.
 

 In this Ave think there was error. The County Court had the power, and we do not doubt that if it had supposed that it had the power it would have exercised it in this case.
 

 In the new and embarrassing circumstances which exist the master is to be much commended, for that he forbore the exercise of his own undoubted powers over his apprentice and invoked the powers of the court. .It is best that the colored population should be satisfied that they are liable to no unlawful impressments, and that they should see that what is required of them has the sanction of the law. It may then be hoped that they Avill be contented, and will cheerfully submit to what they might otherwise misrchievously resist.
 

 Per Curiam. There is error.